IMPORTANT NOTICE: Courtesy copies of documents you file should
NOT be provided to any judge.  All communications with the court
SHALL ONLY be through documents filed with the Clerk of Court.

RECEIVED
IN ALEXANDRIA, LA

JUL 2 9 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

**PERCY GARRETT**                         DOCKET NO.1:10-cv-0290; SEC. P
    **LA. DOC #133126**

**VERSUS**                                JUDGE DEE D. DRELL

**WINN CORRECTIONAL CENTER**              MAGISTRATE JUDGE JAMES D. KIRK

<u>**REPORT AND RECOMMENDATION**</u>

Pro se plaintiff Percy Garrett, proceeding in forma pauperis, filed the instant civil rights complaint (42 U.S.C. §1983) on February 10, 2010.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana, and he complains about conditions of confinement at that institution.  Plaintiff initially named only WNC as a defendant and asked that he "get pay and move to Allen Correctional Center." Plaintiff was ordered to amend his complaint, which he did on June 2, 2010.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**Background**

Plaintiff has alleged that:

1.     Lt. Braxton and Captain Gaskil have been "calling him out" for drug testing even though he is not in the "Busted Group" of prisoners who must be drug tested.[1] Plaintiff complains that he must pay for the unnecessary drug test and that being called out is a source of embarrassment.  It appears that Plaintiff was reimbursed for the costs of the drug test. [Doc. #6, p. 3]

2.     On May 5, 2010, Plaintiff found a piece of wire in his cole slaw.  He informed Lt. Braxton about the wire and Braxton instructed Plaintiff to take the wire to Gaskill, which Plaintiff did.

3.     On February 10, 2010, Warden Wilkinson had the water turned off all day and night.[2]

**Law and Analysis**

1.   WNC as a Defendant

WNC is named as a defendant in this case, but WNC is a corrections center.  Fed.R.Civ.P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether WNC is an entity having the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must

---

[1]Apparently, Plaintiff was found "not guilty" due to mental health reasons when drug related charges were brought against him in a prison disciplinary proceeding. [Disciplinary Report, September 2009; Doc. #1, p.2] Therefore, Plaintiff believes that he should not be drug tested.

[2]According to the National Weather Service and National Oceanic and Atmospheric Administration (NOAA), there was an upper level storm system bringing snow and sleet to the area around this time.

qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. Plaintiff has alleged no facts to demonstrate that WNC is a juridical person capable of being sued. His claim against WNC should be dismissed as frivolous.

2.   Injuries

Plaintiff alleged no physical injury resulting from the alleged unconstitutional practices, neither in his original complaint, nor in his three amended complaints.   He was specifically ordered to amend his complaint to provide a detailed description of the injuries he claims to have sustained. Plaintiff still failed to allege any physical injury.   A prisoner can not recover under section 1983 for de minimis physical and/or psychological injuries.   The Prison Litigation Reform Act states, in pertinent part, that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.   See 42 U.S.C.A. § 1997e(e).   The Fifth Circuit has equated § 1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than de minimis, but not necessarily significant.   Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).   In the case sub judice, Plaintiff has not alleged

3

any physical injury or physical damage.

3.    Deliberate Indifference

Convicted prisoners are protected by the Eighth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, which prohibits the infliction of "cruel and unusual punishments" on convicted prisoners.  To establish a violation of the Eighth Amendment, a prisoner must show both (1) a deprivation of a basic human need, Helling v. McKinney, 509 U.S. 25, 31-32 (1993), and (2) deliberate indifference, Wilson v. Seiter, 501 U.S. 294, 303 (1991).  Prison officials must provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care."  Palmer v. Johnson, 193 F.3d 346, 351-52 (5th Cir. 1999).  To establish an Eighth Amendment violation, a prisoner must demonstrate that the deprivation was "objectively, sufficiently serious"; that is, "the prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  Id. at 352 (internal quotations and citations omitted).  In addition, the prison official must have acted with "deliberate indifference to inmate health or safety."  Id. (internal quotations and citations omitted).

"[D]eliberate indifference cannot be inferred merely from **a negligent or even a grossly negligent response** to a substantial

4

risk of serious harm." <u>Thompson</u>, 245 F.3d at 459 (emphasis added). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997); <u>Stewart v. Murphy</u>, 174 F.3d 530, 534 (5th Cir. 1999). Wanton is defined as unreasonably or maliciously risking harm while being utterly indifferent to the consequences. <u>Black's Law Dictionary</u> (8th ed. 2004). A violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's ... safety." <u>See</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).

Here, Plaintiff alleges that the prison was without water for once day and night. He does not allege deliberate indifference by the warden. Given the weather conditions at the time, the lack of water could have been due to frozen pipes or an act to prevent the pipes from freezing. There are a number of reasons that the water could be shut off for a day; Plaintiff has not alleged any malicious motive or conscious desire by the warden to cause Plaintiff harm.

Similarly, Plaintiff has not alleged deliberate indifference by any defendant with regard to Plaintiff finding a small piece of wire in his cole slaw. Nor has Plaintiff alleged deliberate indifference with regard to the drug screenings.

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's

5

complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 28th day of _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE